UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRI LYNN ROLLENHAGEN, ) | |
|                 Plaintiff, ) | |
| ) | No. 1:24-cv-181 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
|                 Defendant. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Rollenhagen filed this lawsuit to challenge the denial of her request for Social Security disability benefits. The Magistrate Judge issued a report recommending the court affirm the denial of benefits (ECF No. 10). Plaintiff filed objections (ECF No. 11). The court will adopt the report and recommendations.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

In her initial brief, Plaintiff identified three purported errors made by the Administrative Law Judge: (1) failure to account for Plaintiff's mental impairments; (2) improper interpretation of raw medical data (x-rays); and (3) failure to properly evaluate

Plaintiff's subjective testimony. The Magistrate Judge considered and rejected each of the three purported errors. In his objection, Plaintiff addresses the first two arguments. Plaintiff does not object to the manner in which the Magistrate Judge resolved the third asserted error.

### 1. Mental Impairments

Plaintiff contends the ALJ erred by not including a discussion of her mental impairments at Step 4. The Magistrate Judge notes that the ALJ found the mental impairments non-severe. The Magistrate Judge concludes that the ALJ's broad statement that he considered all of the evidence, even the evidence not specifically discussed, sufficient to satisfy the ALJ's obligation. Plaintiff objects.

The court overrules the objection. Plaintiff's objection rests on a premise that the ALJ rejected. Plaintiff insists that the ALJ had to include more of a discussion of her mental impairments and discusses the notes of consultive examiners concerning Plaintiff's mental limitations (ECF No. 11 Obj. PageID.1354). But, the ALJ rejected those findings and concluded that Plaintiff's mental impairments had only a minimal limitation on her ability to perform basic mental workplace activities (ECF No. 4-8 ALJ decision PageID.520-22). Having found that Plaintiff's mental impairments were not severe and had only a minimal effect on her abilities, the ALJ's broad statement satisfies his obligation to consider all impairments. Moreover, Plaintiff has not explained how a discussion of her non-severe mental limitations that would not affect her ability to perform basis work activities would have altered the outcome.

2. Improper Interpretation of Raw Medical Evidence

Plaintiff contends the ALJ "crossed the line" and acted as a medical doctor by interpreting x-rays. Plaintiff argues Dr. Holman was the only medical professional to interpret the x-rays. The Magistrate Judge disagreed and found that Dr. Schmidt offered interpretations of the x-rays, interpretations consistent with the ALJ's findings. The Magistrate Judge acknowledged that the ALJ did not specifically refer to Dr. Schmidt or cite the page number in the record, but found the "early 2021" reference to be sufficient. Plaintiff objects.

The court overrules the objection. Plaintiff fails to address the Magistrate Judge's conclusion that the record contains evidence showing that a medical provider other than Dr. Holman interpreted the x-rays. And, the language the ALJ used to describe the diagnostic testing in early 2021 (the x-rays) tracks the language used by Dr. Schmidt in the pages in the record identified in the R&R. Plaintiff has not established that the ALJ crossed the line and acted as a doctor.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 10). The Court affirms the decision denying benefits. **IT IS SO ORDERED.**

Date:   March 17, 2025                              /s/ Paul L. Maloney
                                                                                  Paul L. Maloney
                                                                                  United States District Judge